SAMUEL L. WYNN AND WIFE, Respondents, *v.* ABRAHAM CORY, Appellant.

1. *Evidence — Hearsay — Declarations of persons since deceased.* — The declarations of persons since deceased, against their interest at the time the declarations were made, constitute an exception to the rule excluding hearsay evidence. But to render them admissible it should appear that the deceased knew the facts, or that it was his duty to know them; that his declarations were at variance with his interest at the time they were made. The weight of such testimony is a matter to be determined by the jury.

2. *Practice, civil — Pleadings — Limitations, statute of, to be available should be invoked in the lower court.* — A defendant, in order to avail himself of the statute of limitations, should insist upon it in his defense, and not invoke it for the first time in the Supreme Court.

*Appeal from Livingston County Circuit Court.*

Mrs. Wynn, it appears, was half-sister of Alva Peery, son of Henry W. Peery, and, as plaintiffs claim, inherited from Alva, who acquired title under the will of his father.

For facts in the case see opinion of the court, and same case as reported in 43 Mo. 301.

*McFerran*, for appellant, among other points presented, contended that the court below erred in admitting the declarations of Archibald Peery, deceased; citing Stewart v. Thomas, 35 Mo. 202; Dickerson v. Chrisman, 28 Mo. 134; Turner v. Belden, 9 Mo. 797; Wilson, Adm'r of Owen, v. Woodruff, 5 Mo. 42, 43; Foster v. Nowlin, 4 Mo. 18; Criddle v. Criddle, 21 Mo. 522.

*H. M. & A. H. Vories*, for respondents.

I. The declarations of Archibald Peery after his deed to Henry W. Peery, and the declarations of his heirs claiming under him after his death and before their conveyance to defendant, who claims under them, coupled with evidence of defendant's knowledge of the claim and rights of the plaintiff Josephine at and before his purchase, were properly admitted in evidence. (Dickinson v. Chrisman, 28 Mo. 134; McLaughlin v. McLaughlin, 16 Mo. 250; Davis v. Spooner, 3 Pick. 284; Cow. & Hill's notes, 652; Bridges v. Eggleston, 14 Mass. 244; 1 Greenl. Ev. 189.)

II. In this case the statute of limitations was neither pleaded as a bar nor relied on in the answer. All statutes of limitations, to avail defendant, must be pleaded. If not pleaded, plaintiff has a right to presume that the statute is waived, and would come to trial unprepared to meet such a defense. (Heath v. Page, 48 Penn. St. 142; Hayden v. Stone, 1 Duvall, Ky., 396; Benoist v. Darby, 12 Mo. 196; Howell v. Howell, 15 Wis. 55.)

CURRIER, Judge, delivered the opinion of the court.

This is a suit in equity to restrain the defendant from disposing of the premises described in the petition, and to divest him of his apparent title, and to vest the same in the plaintiff, Josephine

Wynn. The case was previously here, and is reported in 43 Mo. 301.

It is alleged in the present petition that Archibald Peery was the owner of said premises in March, 1852, and that he at that time conveyed the same to his son Henry W. Peery, by a deed duly executed and delivered, and that the deed so executed and delivered was subsequently lost or destroyed without having been recorded. The plaintiff's asserted rights depend upon the fact of the execution and delivery of this deed, and that fact is put in issue by the pleadings.

It is shown by the evidence that Archibald Peery, prior to the supposed execution of the deed, declared his purpose to convey said land to his said son, and that he subsequently stated that he had made the conveyance as he had proposed to do. It further appears that he was present when his son's will was executed, that the will was read over in his presence, and that it contained a bequest of the lands in question to the wife and daughter of the testator, and that he was inquired of after the son's death in regard to the deed, the administrator of the deceased being unable to find it, and that he again recognized the existence of the deed, stating that the last time he saw it, it was in his son Henry's possession, or in his drawer — or words to that effect. No question is made as to the weight or sufficiency of this evidence, if admissible, to prove the facts asserted. The evidence is assailed as wholly incompetent, and its admission was objected to on that ground.

Archibald Peery's statements and declarations are objected to as being mere hearsay testimony, and therefore inadmissible, as the defendant insists. These statements and declarations undoubtedly belong to the class of evidence usually denominated hearsay, but it does not thence follow that the court committed error in admitting them in evidence, for there are limitations and exceptions to the rule excluding such testimony. The declarations of persons since deceased, against their interests at the time the declarations were made, constitute one exception to the rule rejecting hearsay evidence. In order, however, to make such declarations admissible, it must appear that the declarant is

deceased, that he possessed competent knowledge of the facts, or that it was his duty to know them ; and that the declarations were at variance with his interest at the time they were made. " When these circumstances concur," says Greenleaf, " the evidence is received, leaving its weight and value to be determined by other considerations." (1 Greenl. Ev., 9th ed., § 147.) The same rule is laid down by Phillips in his work on evidence. (1 Phill. Ev., Cow. & Hill & Edw. notes, 5th Am. ed., 244, § 7.)

In Davis v. Spooner, 3 Pick. 284, both parties claimed under a deed from " S.," as both parties here claim to derive title from Archibald Peery. The deed by which the demandant claimed, (as in the present case) was the oldest, and was unrecorded. The defendant purchased with actual notice of the first deed. That being shown, and that the grantor had fraudulently obtained and suppressed the first deed, it was decided that his declarations were admissible to prove its existence and contents, as coming from one under whom the defendants claimed. This decision is an illustration of the rule laid down by Greenleaf, and was cited and approved by this court in Dickerson v. Chrisman, 28 Mo. 139 ; see also McLaughlin v. McLaughlin, 16 Mo. 250 ; and Johnson v. Quarles, 46 Mo. 423.

In the case now before the court, the declarant must have known the facts attested by him. He knew whether he had executed a deed to his son, as he represented the fact to have been. His declarations were against his interests, and he has since deceased, and cannot therefore be produced upon the stand as a witness ; his statements, therefore, under the circumstances, according to the rule laid down in the books, were receivable in evidence for what they were worth. Their weight and value is another matter. Their admissibility, however, is the only point insisted upon by the defendant. Coupled with the other evidence in the case, they abundantly sustain the allegation that Archibald Peery conveyed the disputed premises to his son Henry, as the petition avers, and his title has descended to and vested in Mrs. Wynn — the defendant having purchased, as the evidence shows, with a very full knowledge of her rights.

But the defendant makes the further point that the petition shows upon its face that the action is barred by the running of the statute of limitations. It is averred in the petition that the defendants, in October, 1856, accepted from George C. Peery and Mitchell S. Peery, two brothers of the deceased, Henry W., a quit-claim deed of the premises, and that he fraudulently entered into possession of the property. The whole transaction between him and the Peery brothers is charged to have been a fraudulent conspiracy against Mrs. Wynn, she then being a mere child, and without any guardian to protect her interests. But the petition does not show, except inferentially, when that possession was taken, nor whether it was continuous and uninterrupted under claim of title. The petition states a good cause of action, and contains no averments sufficient to show that the cause of action sued on is barred by the statute. Besides, if the defendant would avail himself of the statute of limitations he should have insisted upon it in his defense, which he did not do. It is not set up in the answer as a bar to the suit, and is not alluded to in the evidence. The defendant testified in his own behalf, but made no reference to his possession, its character or duration.

This matter of the statute of limitations is evidently an afterthought. The judgment of the Circuit Court was for the plaintiff, and I think it should be affirmed. The other judges concur.