LEACH *et al.* v. McFADDEN *et al., Appellants.*

Division One, June 20, 1892.

Practice: EVIDENCE: SURVIVING PARTY AS WITNESS. Where the agent authorized to receive a legacy is dead, the executor, in an action against the sureties on his bond to recover the amount of the legacy, is disqualified from testifying to the payment of the amount by him to such agent.

*Appeal from Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Wm. S. Shirk* and *John Cosgrove* for appellants.

(1) It was competent to prove by J. H. Johnston, who is not a party to this suit nor directly interested in it, that, as executor of J. K. Ragland, deceased, he received and held receipts given him by Jas. Q. Ragland, deceased, as attorney in fact for plaintiffs, for

money paid on the various orders of distribution, and the amount so paid him and the amount of the different receipts, and that he paid to said attorney every dollar of the money ordered to be paid. *Stewart v. Glenn*, 58 Mo. 489; *State ex rel. v. Farmer*, 54 Mo. 439; *Bates v. Horcht*, 89 Mo. 121; *State to use v. Miller*, 44 Mo. 118. (2) Section 8918 only enacts' that a person is disqualified to testify in his own favor. *First.* Where he is one of the original parties to the contract or cause of action in issue and on trial, and the other party to it is dead. *Second.* He is disqualified to testify in such case, in favor of any party to the action, claiming under him. *Third.* He is disqualified to testify in his own favor, if his right of action or defense is derived from one, who is or if living would be so disqualified. R. S. 1889, sec. 8918. Now, in this case, the foundation of the action is the orders of the probate court to pay plaintiff certain sums of money. The cause of action is the failure on the part of Johnston to pay these sums. The parties to this cause of action are the plaintiffs and James H. Johnston, and the defendants, his sureties, but Johnston is not sued; hence, not a party to this action. Neither one of the parties to the "cause of action on trial and in issue" is dead; but Ragland, the agent of Mrs. Leach, to whom payment of the sums sued for is claimed to have been made, is dead. Hence, it is evident that the facts of this case do not bring it within the letter of the statute. Is it within its spirit? It was not sought by any of the questions asked the witness Johnston to alter or vary any contract made with the deceased agent Ragland, or to establish a contract made with him, but only to show the existence of certain receipts; to establish a payment made to him. (3) At common law, Johnston, as executor, would have been a competent witness to establish such a payment in a

case to which he was not a party. Rapalje on Witnesses, sec. 72. And section 8918 is an enabling statute—not a disabling one. It does not take away the right of anyone to testify, who was competent to testify at common law. *Fink v. Hey*, 42 Mo. App. 295; *Bates v. Forcht*, 89 Mo. 121. Hence, Johnston was a competent witness under the facts of this case.

*Draffen & Williams* for respondents.

(1) The court below properly held that the principal in the executor's bond was not a competent witness in behalf of his sureties to show payments alleged to have been made by him to the deceased agent of the plaintiff. It was incompetent for the sureties to prove by their principal any transactions between the principal and the deceased agent. *First.* The principal would not have been a competent witness at common law. The rule upon this subject is as follows: "In an action on a joint and several bond, against one of the obligors, who was surety for another, that other obligor (the principal) is not competent for the defendant to prove a payment of money by himself in discharge of the bond. *Nichols v. Jones*, 32 Mo. App. 657, 665; *Shelton v. Ford*, 7 Mo. 209; 1 Greenleaf on Evidence [Redfield's Ed.] secs. 394, 395; Rapalje on Witnesses, sec. 74. *Second.* The agent of the plaintiff, with whom the transaction is alleged to have been had, being dead, the principal in the bond is not made a competent witness by the statute. *Williams v. Edwards*, 94 Mo. 447; *Nichols v. Jones*, 32 Mo. App. 657; *Butts v. Phelps*, 79 Mo. 302; *Aultman, Miller & Co. v. Adams*, 35 Mo. App. 503; *Robertson v. Reed*, 38 Mo. App. 32–37; *Orr v. Rode*, 101 Mo. 388–399; 2 Woerner's American Law of Administration, p. 836. *Third.* It is wholly immate-

rial whether Johnston was a party to the record or not. *Meier v. Thieman*, 90 Mo. 433; *Nichols v. Jones*, 32 Mo. App. 657-665; *Thieman v. Meier*, 25 Mo. App. 306. *Fourth*. Johnson was not a competent witness to prove payments made to the deceased agent. *Goddard v. Williamson*, 72 Mo. 131; *Nichols v. Jones*, 32 Mo. App. 657; *Aultman v. Adams*, 35 Mo. App. 503. *Fifth*. Nor was he competent to prove the execution of receipts to him by said deceased agent. *Weiland v. Weyland*, 64 Mo. 168. (2) The cases cited by appellants do not support their contention.

BRACE, J.—This was a proceeding in the probate court by *scire facias* under the statute, against the defendants as sureties upon the bond of James H. Johnston, executor of John K. Ragland, deceased, to recover several sums of money aggregating $5,672.08; ordered by said court to be paid to the plaintiff as legatee, under the will of the said deceased; taken by appeal to the circuit court where the plaintiff obtained judgment for $5,511.06, being the amount sued for with interest, less $1,000 admitted to have been paid.

The only plea as to the remainder was payment, and to support this plea the defendant, after introducing evidence tending to prove that plaintiff had given one James Q. Ragland a power of attorney to collect and receive her legacy aforesaid, undertook to prove by said James H. Johnston, the executor and principal in the bond, payments by him to said Ragland of the said several sums of money so ordered to be paid to plaintiff by the probate court. Thereupon the plaintiff, after showing that the said James Q. Ragland was dead, objected to the competency of the said Johnston to testify to such payments, which objection was sustained. The exception to this ruling raises the only question in the case.

The ruling of the circuit court is supported by the case of *Williams v. Edwards*, 94 Mo. 447, in which it was held, upon the authority of *Stanton v. Ryan*, 41 Mo. 510; *Butts v. Phelps*, 79 Mo. 302, and 1 Wharton on Evidence, sec. 469, that, under the statute which excludes "the surviving party to a contract, the death of a contracting agent excludes the surviving party who contracted with him." In that case the doctrine was applied to the evidence of the defendant, by which it was sought to approve accord and satisfaction of an indebtedness secured by a deed of trust had by him with the agent of a corporation, who was dead. In the case of *Butts v. Phelps* it was applied to the evidence of a defendant as to a transaction had with the plaintiff's partner, who was dead at the trial. This case was ruled upon the authority of *Stanton v. Ryan*, 41 Mo. 510, in which the doctrine was applied to the evidence of the defendant, by which it was sought to set up a special contract made with the deceased partner of the plaintiffs in an action by them as surviving partners upon a *quantum meruit*.

In all these cases the witnesses excluded were parties to the action, and would not have been competent witnesses at common law, and it was held that the statute did not qualify them. The doctrine has been similarly applied in the cases cited by counsel for defendant from the Kansas City court of appeals, upon the authority of *Williams v. Edwards*, and is reinforced in principle by the ruling in *Orr v. Rode*, 101 Mo. 307.

Of the cases cited by counsel for defendant the only one that tends to support their contention is the case of *Bates v. Forcht*, 89 Mo. 121, in which it was held in a suit on a note executed to a bank, that the president thereof was not incompetent to testify to the execution and delivery of the note to him for the bank, because

the member of the firm executing it was dead at the time of the trial, on the ground that he was a competent witness at common law, and the statute did not disqualify him. The distinction between that case and the one in hand is that the witness Johnston at common law was not a competent witness for his co-obligors in the bond. *Nichols v. Jones*, 32 Mo. App. 657; *Shelton v. Ford*, 7 Mo. 209; 1 Greenleaf on Evidence, 394, 395; Rapalje on Witnesses, sec. 74.

The distinction between the case in hand and the line of cases first cited is the witness here is not a party to the suit, and in those he was; but if the witness was disqualified at common law, whether on the ground of interest or of being a party to the suit, the statute does not qualify him (*Meier v. Thieman*, 90 Mo. 433; *Nichols v. Jones*, 32 Mo. App. 657); the purpose of the statute being to provide "that, when one of the parties to a litigated obligation is silenced by death, the other shall be silenced by law" (1 Wharton on Evidence, sec. 466), and this whether his disqualification at common law arises from his being a party to the record or from his interest in the result of the litigation. It will thus be seen that the ruling of the circuit court is in harmony with the established doctrine in this state, and the judgment is affirmed. All concur, except BARCLAY, J., absent.