HOLLMANN, *Appellant*, v. LANGE.

Division One, February 23, 1898.

1. **Evidence:** INCOMPETENCY: WAIVER: ONE PARTY TO CONTRACT BEING DEAD. The transaction in issue was between plaintiff and defendant's deceased agent. Defendant declined to introduce any evidence in her behalf and so announced to the court, but a co-defendant, represented by different counsel, called plaintiff to make certain proof, without objection of this defendant. The co-defendant had no interest in the result of the issue, and would not have been affected thereby. But thereupon, plaintiff offered to prove by plaintiff the transaction on cross-examination. *Held*, that this defendant was not estopped to raise the objection that plaintiff was incompetent to testify to the transaction between him and her deceased agent.

2. ———: WRONGFUL RULING: CORRECTION. The error of the court in excluding competent testimony is rectified by a subsequent admission of such evidence.

3. **Practice**: RECOVERY: DIFFERENT CAUSE OF ACTION. The plaintiff can not recover on a cause of action entirely different from that set up in the pleadings, nor can his case be heard in the appellate court on a different theory from that on which his pleadings placed it and upon which it was tried. He can not bring a suit in equity to set aside his release of a deed of trust and to subject the real estate to the payment of some notes which he alleges were wrongfully obtained from him by fraud, and failing in that action, obtain a personal judgment for the amount of other worthless notes for which he was induced to exchange his.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Fisse & Kortjohn* for appellant.

(1) The defendants by calling on Hollmann as a witness to identify his signature to the affidavit waived the right which they had to object to his testimony. *Tomlinson v. Ellison*, 104 Mo. 105. (2) By calling on Hollmann to give his version of the transaction, and permitting him in the course of his cross-examination to relate his transactions with Lange without objection, the defendants waived their right to object thereto. *Tomlinson v. Ellison*, 104 Mo. 105. (3) The possession of the notes by Hollmann, with the indorsement of Mathilda Lange, the payee thereon, was *prima facie* evidence of Hollmann's ownership of said notes. *Johnson v. McMurray*, 72 Mo. 278; *Bank v. Stanley*, 46 Mo. App. 440; *Ashbrook v. Letcher*, 41 Mo. App. 369; Daniel on Neg. Inst. [3 Ed.], sec. 812. (4) The indorsement in blank of the notes imported a contract on the part of Mathilda Lange that said notes were genuine, valid and subsisting obligations of the maker, and this contract is not altered or weakened by the fact that the indorsement is made without recourse. Daniel on Neg. Inst. [3 Ed.], sec. 670.

*Lubke & Muench* for respondent.

(1)  The voluntary dismissal of the appeal  as to all the  defendants except respondent Mathilda Lange, operated as a complete severance of these other parties from this case; and also deprives this court of jurisdiction over the property which the presence of the other parties there brought before the court.  . *Urton v. Sherlock*, 61 Mo. 257; *Gray v. Dryden*, 79 Mo. 106.  (2) The dismissal of the appeal as to the other defendants and the property changes appellant's cause of action in this court to one at law for damages or for the recovery of money only.   Where the matter in suit involves the trial of an ordinary action for debt equity is not the proper form. *Thias v. Siener*, 103 Mo. 314.  If, the change in the cause of action requires different proof, or a different mode of trial, it is a substitution and is not permissible. *Lumpkin v. Collier*, 69 Mo. 170; *Fields v. Maloney*, 78 Mo. 172; *Parker v. Rodes*, 79 Mo. 88; *Scovill v. Glasner*, 79 Mo. 449; *Daudt v. Machens*, 13 Mo. App. 592; *Sims v. Field*, 24 Mo. App. 557.  (3)  Respondent never waived her right to a jury to try appellant's  demand for damages or for money only.  R. S. 1889, secs. 2131 and 2133; *Briggs v. Railroad*, 111 Mo. 168; *Ragan v. McCoy*, 29 Mo. 365; *Kitchen v. Railroad*, 59 Mo. 516.  (4)  Appellant was not a competent  witness to testify to the transactions and conversations between himself and William B. Lange.  The latter was respondent's contracting agent, and his death  disqualified appellant from testifying. *Leach v. McFadden*, 110 Mo. 584; *Bank v. Payne*, 111 Mo. 291.  (5)  There is nothing therefore in the case cited by appellant (*Tomlinson v. Ellison*, 104 Mo. 105) to base a waiver upon as against her. (6) Appellant's motion for a new trial was not sufficient to

entitle this court to consider whether upon the change of parties and change of cause of action appellant is entitled to the money judgment which he now seeks. He gave the trial court no opportunity to consider that question and can not now put that court in the wrong here by making a "change of front." *State v. Noeninger*, 108 Mo. 166; *State v. Grote*, 109 Mo. 345; *McManus v. Watkins*, 55 Mo. App. 92; *Association v. Delano*, 108 Mo. 217; *Moore v. Railroad*, 28 Mo. App. 622.

WILLIAMS, J.—Plaintiff, who was the holder of a principal note for $4,000 and of certain interest notes executed by defendant, Mathilda Lange, on the eighteenth day of December, 1890, secured by a deed of trust upon real estate belonging to her in the city of St. Louis, brought this suit to set aside and vacate a release, made by him on the fifth of September, 1893, of said deed of trust, and for the recovery of said $4,000 and interest thereon, and to subject said real estate to the payment thereof.

The petition alleges, in substance, as grounds for setting aside said release, that plaintiff was fraudulently induced by defendant's agent, one W. B. Lange, to exchange the notes of Mrs. Lange, held by him and secured by deed of trust upon her property, for a note of $4,000, and two notes for interest thereon, of the Carondalet Real Estate Company, payable to Mrs. Lange, dated May 19, 1892, and indorsed by her "without recourse." It is is averred that the delivery to plaintiff of the notes last mentioned was the only consideration for the surrender of defendant's notes and the satifaction by plaintiff of the deed of trust upon her property. It is charged that in order to procure said release it was falsely and fraudulently represented to plaintiff by defendant's agent, that the said notes of

the Carondalet Real Estate Company were unpaid, and that they were secured by a deed of trust of even date therewith, and that said deed of trust was a subsisting incumbrance upon certain lots belonging to said company described therein, and that these representations were relied upon by plaintiff. The plaintiff then alleges that said statements so made to him were untrue, and that the notes delivered to him in lieu of defendant's notes were not those secured by the deed of trust above mentioned as having been executed by the Carondalet Real Estate Company, dated May 19, 1892; and further, that Mrs. Lange, through her agent, had released and satisfied this deed of trust on the twentieth of April, 1893, and prior to the negotiations with plaintiff for the exchange.

Several persons acquired interests in the real estate included in the Lange deed of trust of December 18, 1890, after plaintiff caused the same to be released. These parties were made defendants in this action, and it was alleged that the deeds through which they derived title were not executed or delivered by Mrs. Lange. This branch of the case need not be further noticed, however, as it is conceded in this court that plaintiff is not entitled to reach the *property*, but at most can only have a *personal* judgment against Mrs. Lange.

The defendants filed separate answers, putting in issue the allegations of the petition.

The plaintiff, upon the trial in the circuit court of the city of St. Louis, proved that he purchased for value the notes dated December 18, 1890, executed by Mrs. Lange, and that these notes were found duly canceled among the papers of W. B. Lange, after the latter's death, which occurred, on the twenty eight of January, 1894. It further appeared that the plaintiff, on the fifth of September, 1893, executed a release of the deed of trust by which they were secured. W. B.

Lange was shown to be the attorney in fact of his mother, the defendant, Mrs. Mathilda Lange. He was also the president of the Carondalet Real Estate Company, and owned all of its stock except two shares. He, as president of said company, signed the $4,000 note and the interest notes of May 19, 1892, and the deed of trust to secure the same herein before referred to. It was also proved that Mrs. Lange, through her said agent on the twentieth of April, 1893, executed a release of the deed of trust securing the company's notes, reciting therein that said notes were paid.

The plaintiff further offered evidence *tending* to show that the papers purporting to be the notes of said company in his possession, were *duplicates*, and that the *original set* mentioned in and secured by said deed of trust were pledged by W. B. Lange for a debt due from him to the German American Bank. At any rate those held by plaintiff were exact copies of the notes pledged to said bank, and both sets conformed to the description contained in the deed of trust of the obligations intended to be secured thereby.

Plaintiff proved that he was in possession of what purported to be the note of the Carondalet Real Estate Company for $4,000, dated May 19, 1892, payable to defendant Mathilda Lange, and indorsed by her "without recourse," and that said company was insolvent. He did not show, however, where or from whom he received it, or that it had any connection whatever with the release of the Lange deed of trust sought to be set aside in this case. He offered to prove by his own testimony that the only consideration for the release of said Lange deed of trust and the surrender of her notes, was the delivery to him of the $4,000 note which was represented to be the note of the Carondalet Real Estate Company and also offered to prove by his own evidence the statements

made to him in regard thereto as set out in the petition. The court declined to permit him to testify to anything that took place between him and defendant's agent, W. B. Lange, who was dead at the time of the trial. This ruling of the trial court must be first considered, for upon it the plaintiff's right to recover upon the case made in his petition depends.

I. The contracting agent of defendant, who represented her in the transaction with plaintiff, and personally conducted the business with him in her behalf, being dead, plaintiff, under repeated decisions of this court was not a competent witness to dealings between him and said deceased agent. *Leach v. McFadden*, 110 Mo. 584; *Williams v. Edwards*, 94 Mo. 447; *Banking House of Wilcoxson & Co. v. Rood*, 132 Mo. 256. The objection was made to plaintiff's competency as soon as it was developed and shown to the court that the transaction he was detailing occurred between him and said deceased agent. It is urged, however, that Mrs. Lange by her conduct at the trial waived her right to object to plaintiff's competency. This is based upon the fact that after the plaintiff closed his testimony, *and Mrs. Lange had declined to introduce any evidence in her behalf, and had so announced to the court*, one of her co-defendants called plaintiff to indentify his signature to the release of the Lange deed of trust, on the margin of the record, and that Mrs. Lange made no objection. Plaintiff's counsel then, upon cross-examination, proposed to prove by him all that occurred between him and W. B. Lange, deceased, in reference to said release. Upon Mrs. Lange's objection this evidence was excluded.

It will be noted that Mrs. Lange and her co-defendants filed separate answers, were represented by different counsel, and were in some respects at least, making different defenses. In fact, it stands *conceded*

in this court that plaintiff can not maintain his suit against the defendant, who called him to make the formal proof of his signature, and that said defendant has no interest in the case as it now stands, and could not have been affected by the offer of proof made by plaintiff. Mrs. Lange could not control the action of her co-defendants, and was not vested with power to direct their course. She did not call plaintiff as a witness nor was it done in her interest but it was after she had expressly declined to offer any evidence in her behalf. We do not think that she should be estopped to raise the objection that plaintiff was incompetent as against her to testify to a transaction with her deceased agent simply because a co-defendant, represented by other counsel and acting independently of her, introduced him for the purpose of formally proving plaintiff's signature, and that she made no objection until he was asked to detail what took place between him and her said agent. If she had placed plaintiff upon the stand, or if he had been introduced with her consent or connivance or for her benefit, a different rule might apply, and the principle decided in case of *Tomlinson v. Ellison*, 104 Mo. 105, cited by appellant, might be an authority in support of his contention. We think that under the facts disclosed by *this* record, the circuit court ruled correctly upon this point.

II.    Complaint is made that the court refused to permit plaintiff to testify to the time where he first learned that the notes he held were not the original set referred to in the deed of trust of the Carondalet Real Estate Company, and when he first heard that said deed of trust had been satisfied. The court afterward permitted him to testify upon the point and he said he learned it after the death of W. B. Lange and, of course, therefore, after the time he received them, according to his petition. The same may be said con-

cerning the exclusion of a question asked the witness Boeck. He was later examined fully as to his knowledge of what took place between plaintiff and W. B. Lange and stated that he knew nothing about it. This was the subject upon which he was first held incompetent. The rulings in these matters were rectified by the court in subsequently admitting the evidence.

III. The claim is now advanced in this court that even if plaintiff failed to show that the release of the Lange deed of trust was fraudulently procured, still he is entitled to a personal judgment in this action against Mathilda Lange for the $4,000 and interest thereon represented *by the note of the Carondalet Real Estate Company.* It is said that plaintiff is the holder of said note; that while it is indorsed by Mathilda Lange "without recourse," yet this indorsement imported a contract that it was a genuine, valid and subsisting obligation of the maker, *and that plaintiff is entitled to recover in this action for a breach of such contract.* This is not the case presented in plaintiff's petition, nor is it the theory upon which the action was tried and passed upon in the lower court. The plaintiff brought a suit in equity to set aside the release of the *Lange deed of trust,* and to recover upon the *debt secured thereby* and to foreclose the equity of redemption, and subject the real estate described in said deed of trust to the payment of said indebtedness. He can not, in this court, recover upon an entirely different cause of action, and which, so far as the *evidence* discloses, is wholly disconnected with the grounds of recovery relied upon in the lower court. The petition does not count upon the breach of an implied contract that the note of the Carondalet Real Estate Company was a valid and subsisting obligation. The defendant is entitled to meet that issue in the trial court. The appellant can not have his case heard here

upon a different theory from that upon which his pleadings placed it and upon which it was tried below. *Walker v. Owen*, 79 Mo. 563.

The judgment of the circuit court was in favor of the defendants and the bill was dismissed. We affirm the judgment. BRACE, P. J., and ROBINSON, J., concur.