Hayward BREWER and Floretta Brewer,
Plaintiffs-Appellants,

v.

David E. BLANTON, Executor of the Estate of Frances L. Stallcup, Deceased, Gertrude Berry, Executrix of the Estate of Edward H. Berry, Sr., Deceased, Wilson S. McMullin and Nora McMullin, Defendants-Respondents.

No. 10329.

Missouri Court of Appeals,
Springfield District.

Aug. 22, 1977.

Weber Gilmore, Gilmore & Gilmore, Sikeston, for plaintiffs-appellants.

David E. Blanton, Blanton, Blanton, Rice & Sickal, Kenneth L. Dement, Sikeston, for defendants-respondents.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

This is an action to reform a warranty deed dated November 10, 1972, whereby Frances L. Stallcup, "acting by and through her attorney-in-fact Edward H. Berry," conveyed residential property in Sikeston, Missouri, to plaintiffs Hayward Brewer and Floretta Brewer, husband and wife. The petition alleged that through "a mutual mistake of fact" a tract of land, referred to in the record as "the tip," was omitted from the description in the deed and that the true intention of the parties was that the tip should have been included in that description. The land which was included is in the general form of a square and is known as lot 4 in a certain platted subdivision. The "tip" lies north of the northeast portion of lot 4 and is adjacent thereto.

On March 8, 1973, Mrs. Stallcup, acting through her attorney-in-fact Berry, by warranty deed conveyed the tip to Wilson S. McMullin and Nora McMullin, husband and wife.

The action was filed on August 30, 1973. The defendants named in the original petition were Mrs. Stallcup, Berry, and Mr. and Mrs. McMullin. On January 7, 1974, plaintiffs took the deposition of Berry. Thereafter both Berry and Mrs. Stallcup[1] died. The third amended petition, on which the action was tried, substituted the respective personal representatives of Mrs. Stallcup and Berry. Accordingly, there are four defendants: the executor of Mrs. Stallcup, the executrix of Berry, and Mr. and Mrs. McMullin.

The third amended petition was in two counts. In Count I plaintiffs prayed that the deed of November 10, 1972, be reformed so that its description would include the tip, and further requested that title to the tip

1. The specific date of Mrs. Stallcup's death is not shown by the transcript. The latter does reflect, however, that her death took place after March 25, 1975.

be declared to be in plaintiffs and not in defendants. Count II of the petition alleged that the McMullins were in possession of the tip and had fenced it and cut trees on it, by reason of which plaintiffs prayed damages in the sum of $1,000.

The court, sitting without a jury, found the issues on both counts against the plaintiffs and in favor of the defendants. The judgment also declared that title to the tip was in the McMullins. Plaintiffs appeal.

Plaintiffs' first "point relied on" is: "The trial court erred in its application of § 491.-010, RSMo 1969 V.A.M.S." The point then sets forth several reasons why, so plaintiffs contend, the court erred in sustaining an objection, made by counsel for Mrs. Stallcup's executor based on § 491.010, to an offer of proof made by plaintiffs dealing with an alleged conversation between Berry and plaintiff Hayward Brewer. According to the offer, during the negotiations which preceded the execution and delivery of the deed of November 10, 1972, Berry stated to Brewer that the tip was included in the land to be conveyed by that deed. Plaintiffs offered to prove this conversation through the testimony of plaintiff Hayward Brewer.

■ This opinion is limited to those issues presented and preserved in "points relied on," and they alone need be and are considered. *Pruellage v. De Seaton Corp.*, 380 S.W.2d 403, 405[3] (Mo.1964); *Ledbetter v. Ledbetter*, 547 S.W.2d 214[1] (Mo.App.1977).

Section 491.010, the Dead Man's Statute, was discussed in *Flanagan v. DeLapp*, 533 S.W.2d 592 (Mo. banc 1976). There the court said at p. 597:

"[§ 491.010] has three functional parts. First, it qualifies as witnesses those individuals disqualified at common law because of their interest in the outcome of the case. Next, in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, the so-called transactions proviso of the statute makes a surviving party incompetent as a witness in his own favor or in favor of one claiming under him. Under this proviso the witness is incompetent only as to those matters about which decedent could have testified if he had lived. Finally, where one of the parties to a contract is deceased, and an executor or administrator is a party to a suit involving such contract, the portion of the statute referred to as the administration proviso makes the surviving party to the contract totally incompetent as a witness except as to matters occurring after probate of the will or appointment of an administrator." [2]

■ In the instant action Mrs. Stallcup's executor was a defendant. The fact that Mrs. Stallcup was not present when the alleged Brewer-Berry conversation took place is of no moment. "When an [executor or] administrator is a party, the mouth of the adverse living party to the contract or cause of action on trial is closed as to all matters that occurred prior to the probate of the will or the appointment of the administrator, regardless of whether or not the other party, if living, could testify relative to the same matter." *Davis v. Robb*, 10 S.W.2d 680, 682[4] (Mo.App.1928), quoted with approval in *Flanagan*, supra, 533 S.W.2d at 598.

■ "[T]he death of the contracting agent does exclude the surviving party who contracted with him. *Williams v. Edwards*, 94 Mo. 447, 7 S.W. 429; *Leach v. McFadden*, 110 Mo. 584, 19 S.W. 947; *Hollmann v. Lange*, 143 Mo. 100, 44 S.W. 752; *Wendover v. Baker*, 121 Mo. 273, 25 S.W. 918; *Sidway v. Missouri Land & Live Stock Co.*, 163 Mo. 342, 63 S.W. 705; *Central Bank v. Thayer*, 184 Mo. 61, 82 S.W. 142; *Charles Green Real Estate Co. v. Building Co.*, 196 Mo. 358, 93 S.W. 1111." *Freeman v. Berberich*, 332 Mo. 831, 60 S.W.2d 393, 400 (1933). See also *State v. Jacobs*, 281 S.W.2d 597, 598[1] (Mo.App.1955). If Berry's deposition had not been taken, the fact that Berry was dead would have entitled Mrs. Stallcup, un-

2. The "administration proviso," set forth in footnote 5, contains this language: ". . . unless the contract in issue was originally made with a person who is living and competent to testify." Berry is dead.

der the foregoing principle, to invoke § 491.010 and thus bar Hayward Brewer from testifying to the Brewer-Berry conversation, and that would be true even if Mrs. Stallcup were still living.

Plaintiffs say that "the trial court erred in its application of § 491.010 because Berry's deposition had been taken and that plaintiff Brewer should have been allowed to testify to matters covered by Berry in his deposition."

The following factors should be noted:

1. The deposition of Berry was taken by plaintiffs and not by defendants, although there is some indication in the record that some of the defendants may have been represented by counsel at the taking of that deposition.[3]

2. When the Berry deposition was taken Mrs. Stallcup was still alive.[4]

3. Berry, the deponent, was Mrs. Stallcup's attorney-in-fact and was not, so far as Mrs. Stallcup was concerned, the "other party."[5]

4. There was no proof that the deposition of Berry contained any testimony showing the contents of the alleged conversation between Berry and plaintiff Hayward Brewer or even showing that there was such a conversation.

■ Whether factor 1, factor 2, or factor 3 would be sufficient to uphold the ruling of the trial court need not be considered for the reason that factor 4 supports that ruling. When the attorney for Mrs. Stallcup's executor interposed the objection based on

the Dead Man's Statute, the trial court properly prohibited Hayward Brewer, with respect to that defendant, from testifying to matters not mentioned in the testimony contained in the deposition of Berry. *Allen v. Chouteau*, 102 Mo. 309, 14 S.W. 869 (1890); *Drummond Realty & Inv. Co. v. W. H. Thompson Trust Co.*, 178 S.W. 479, 482[5] (Mo.1915); *Ferry v. Woody*, 210 Mo.App. 98, 241 S.W. 78, 80[2] (1922); *Vigeant v. Fidelity Nat. Bank & Trust Co.*, 239 Mo.App. 46, 188 S.W.2d 533, 537[7] (1945).

Further, under their first "point relied on," plaintiffs say that the trial court "misapplied the statute [§ 491.010] by refusing to admit testimony of Darrell Alcorn regarding whether or not it is conceded that Mr. Alcorn was an agent for [plaintiffs] in connection with the purchase of the Stallcup property. First of all, Edward H. Berry's testimony had been preserved by deposition; therefore, Mr. Alcorn should have been allowed to testify to the matters covered by the deposition."

By Rule 84.13(b) this court may not reverse any judgment "unless it finds that error was committed by the trial court against the appellant, materially affecting the merits of the action."

The "statement of facts" portion of plaintiffs' appellate brief makes no mention of Alcorn. The foregoing quotation appears in the "argument" portion of the brief. The brief contains no other reference to Alcorn or the contents of his rejected testimony.

---

3. The same attorney represented all of the defendants and whether his appearance at the Berry deposition was on behalf of all of the defendants or only some of them is not disclosed. Obviously the attorney was not representing either personal representative because Berry and Mrs. Stallcup were then alive. Whether the attorney asked any questions or merely attended the deposition is not shown.

4. In *DeMott v. Dillingham*, 512 S.W.2d 918 (Mo.App.1974), an action against the executor of one McCorkle, the deposition of plaintiff was taken on behalf of McCorkle. In rejecting plaintiff's argument that the taking of the deposition was a waiver of § 491.010, the court, at p. 920, said: "Plaintiff was a competent wit-

ness when the deposition was taken because McCorkle was then still alive, *thus the executor cannot be held to have waived the benefit of a disqualification which had not yet accrued.*" (Emphasis added)

5. The administration proviso of § 491.010 reads: "Where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator."

There is nothing in plaintiffs' brief to show that Alcorn's rejected testimony, whatever it was, had anything to do with the issue of whether the tip should have been included in the description contained in the deed of November 10, 1972. Plaintiffs' brief does say that Alcorn should have been allowed to testify to the matters covered by Berry's deposition. Whether that statement is right or wrong need not be considered but Berry's deposition, at least that portion of it appearing in the transcript, although mentioning Alcorn, contains no reference to the tip or whether or not it should have been included in the description.

Plaintiffs' first point has no merit.

Plaintiffs' second "point relied on" is that the trial court erred in refusing to admit the testimony of Jesse Lewis as to a statement made to him by Mrs. Stallcup. The excluded testimony, contained in an offer of proof, was to the effect that "in the fall of 1972" Mrs. Stallcup told Lewis that she had sold "all her property and the house" to plaintiffs.

Under Rule 73.01, para. 3c, this court must consider admissible evidence which was rejected by the trial court and preserved. Although, as plaintiffs state, the court rejected the offer of proof described in the preceding paragraph, the transcript contains testimony of Lewis showing the background for the offer. At the time of the trial (March 1976) Lewis was 75 years old. He had worked for Mrs. Stallcup since 1931 as a yard man. When asked when it was that Mrs. Stallcup made the alleged statement to him, Lewis responded, "I disremember what date it was." Later he said that he did not remember what month it was or what year it was—"no got that in my memory either."

For the purpose of this opinion this court assumes,[6] but does not rule, that the trial court erred in rejecting the offer of proof but finds that such error, if any, was not prejudicial to plaintiffs. Missouri courts which have approved the receiving into evidence of a declaration of deceased persons have used language indicating that only limited weight is to be accorded it. Evidence of that variety "has always been received with great care, and when not supported by other evidence is generally entitled to but little weight." *Cornet v. Bertelsmann*, 61 Mo. 118, 127 (1875). "It is sometimes doubted whether it ought to be received at all when introduced for the purpose of divesting title created by deed." *Fanning v. Doan*, 139 Mo. 392, 41 S.W. 742, 747 (1897). "When it relates to what men who are now dead are said to have said, it should be received with caution." *Grantham v. Gossett*, 182 Mo. 651, 81 S.W. 895, 901 (1904). "There is no substantial reliance to be placed upon this class of testimony." *Daudt v. Steiert*, 205 S.W. 222, 226 (Mo.1918).

" 'The high remedy of reformation is never granted on a probability, or a mere preponderance of evidence', but judicial reformation of a written instrument is permitted only upon clear, cogent and convincing evidence, which leaves no room for reasonable doubt. And these 'strict requirements relate not only to the mistake and the mutuality thereof . . . but also to the real agreement which is alleged to have been made'." (Citations omitted) *Galemore v. Haley*, 471 S.W.2d 518, 524[10] (Mo. App.1971). See also *King v. Riley*, 498 S.W.2d 564, 565[1] (Mo.1973).

Even if some weight is accorded the excluded testimony of Lewis, plaintiffs' evidence falls short of being "clear, cogent and convincing."

Plaintiffs' second point has no merit.

Plaintiffs' third "point relied on" is:

"The Trial Court Erred in Refusing to Admit Parol Evidence to Show the Mutual Mistake of the Parties for the Following Reasons:

**6.** See *Wynn v. Cory*, 48 Mo. 346 (1871); *Wills v. Berberich's Delivery Co.*, 339 Mo. 856, 98 S.W.2d 569, 571[2] (1936); *McComb v. Vaughn*, 358 Mo. 951, 218 S.W.2d 548, 550[1, 2] (1949); but see 31A C.J.S. Evidence § 325 (notes 23 and 24), p. 821, and 4 Wigmore on Evidence, Chad.Rev., § 1082(3), p. 213.

"(a) Parol evidence is admissible in a suit to reform a written instrument for mistake; and

"(b) Evidence respecting prior negotiations and agreements which have been merged in a deed is competent on the issue of mutual mistake; and

"(c) Where relief is sought on the ground of mistake, the rule precluding consideration of extrinsic evidence of the intention of the parties to a deed is inapplicable."

This point preserves nothing for appellate review because it violates Rule 84.04(d) V.A.M.R. "Abstract statements purporting to be reasons for averred trial court error do violence to the rule which requires a point to be specific. [cites omitted] The court of appeals is not obliged to search either the transcript on appeal or the argument portion of an appellant's brief to come by the meaning of a point on appeal." *Barber v. M. F. A. Milling Company*, 536 S.W.2d 208, 209[3–4] (Mo.App.1976). No portion of plaintiffs' brief sets forth what "parol evidence" was excluded.

Plaintiffs' third point need not be considered.

Although their appeal has failed, plaintiffs may derive some consolation from the fact that this court has reviewed the transcript and is of the opinion that the trial court's judgment was proper on this record. As previously stated, plaintiffs failed to establish by clear, cogent and convincing evidence that a mutual mistake had been made by them and Mrs. Stallcup.

Moreover, even if such evidence existed, there was no showing that the McMullins "had notice of the mutual mistake existing between the original parties." *Robo Sales, Inc. v. McIntosh*, 495 S.W.2d 420, 423[2] (Mo.1973). See also *Van Eaton v. Dennis*, 242 S.W.2d 21, 25 (Mo.1951), Anno. 79 A.L.R.2d Reformation—Intervening Rights of Third Parties, p. 1180.

Defendants-respondents filed a "Motion to Dismiss or Affirm for Failure of Appellants to Comply With Rule In Respect to Transcript and Brief." The motion is denied.

The judgment is affirmed.

All concur.