**Erwin Keith KRATZER, Jr., Respondent,**

v.

**Erwin K. KRATZER et al., Appellant.**

**No. 41631.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 26, 1980.

McQuie & Deiter, Walter D. McQuie, Jr., Montgomery City, for appellants.

Van Matre & Van Matre, William W. Van Matre, Jr., Mexico, for respondent.

CRIST, Judge.

Plaintiff, Erwin K. Kratzer, Jr., seeks a declaration that he is the owner of certain real property previously owned by his grandmother, Mary M. Angel (hereinafter "grantor"). Plaintiff contends grantor transferred the land to him by warranty deed on May 23, 1977. Grantor died on August 3, 1977. Defendant, Erwin K. Kratzer, Sr., plaintiff's father, asserts the deed to plaintiff is void and the land is his since he is the sole heir of grantor. Defendant also intervened in his capacity as administrator of his mother's estate. The trial court declared that plaintiff was the owner of the land and that defendant had no right, title, or interest in the land. Defendant appeals solely in his individual capacity. We affirm.

The dispute between plaintiff and defendant concerns the identity of the grantee in the deed. The deed conveys the land to "Erwin J. Kratzer." (Emphasis added.) As we noted above, both plaintiff and defendant are named Erwin K. Kratzer.

Defendant charges the trial court erred as follows: (1) in failing to recognize this action was for reformation of a deed and not a declaratory judgment action; (2) in ruling that a conversation between grantor and an attorney was not privileged by reason of the presence of a third person; and (3) in admitting plaintiff's testimony over defendant's objection that the Dead Man's Statute prohibited its admission since the administrator of grantor's estate intervened in the suit.

This was an action for declaratory judgment under Chapter 527, RSMo.1969. Section 527.020 provides: "Any person interested under a deed, will, written contract or other writings constituting a contract, . . . may have determined any question of construction or validity arising under the instrument, . . . and obtain a declaration of rights, status or other legal relations thereunder." Plaintiff properly availed himself of the remedy afforded under this statute. Cf. Nemetz v. Nemetz, 147 Neb. 187, 22 N.W.2d 619 (1946) (In an action to quiet title, the court there held grantee was plaintiff and not plaintiff's mother. Missouri courts have noted the similarity between declaratory judgment actions and quiet title actions. Evans v. Brussel, 300 S.W.2d 442, 444[3] (Mo.1957), cert. denied, 362 U.S. 919, 80 S.Ct. 673, 4 L.Ed.2d 740 (1960).)

█ There was no such person named "Erwin J. Kratzer" insofar as it was known to the parties. Which Erwin Kratzer did the grantor intend as grantee? It is clear from the evidence that grantor intended to deed the land to plaintiff. The scrivener of the deed had previously written a will for grantor where he had mistakenly referred to plaintiff as "Erwin J. Kratzer." The scrivener took the name from grantor's will file and used it in the deed in question. Grantor told several people that she wanted plaintiff to have the land.

█ The erroneous use of the middle initial "J." created a "latent ambiguity." A latent ambiguity is an uncertainty which does not appear on the face of the deed. The ambiguity is created by matters outside the writing. An ambiguity of this nature may be explained and thus removed by clear evidence. Snadon v. Gayer, 566 S.W.2d 483, 488 (Mo.App.1978).

█ Defendant asserts grantor did not waive the attorney-client privilege as to the conversation she had with the scrivener of the deed in question even though the conversation was had in the presence of a third person. See § 491.060, RSMo.1978. This conversation took place at the nursing home where the grantor resided at the time the deed was executed. One Catherine Jackson, niece of grantor, at the request of grantor, arranged for a consultation with an attorney. Ms. Jackson remained with grantor during her discussion with the scrivener. Both Ms. Jackson and the scrivener testified, over defendant's objection, that during the conversation grantor stated that she wanted the land to go to plaintiff.

The presence of a third party, not essential to the transmission of information and not necessary for the protection of the client's interest, during an attorney-client consultation vitiates the attorney-client privilege. *State v. Fingers*, 564 S.W.2d 579, 582[3] (Mo.App.1978). The testimony of the scrivener and of the third person was properly admitted.

■ Finally, defendant charges that it was error for plaintiff's testimony to be admitted because he was an incompetent witness for all purposes by reason of the so-called "administration proviso" of § 491.-010, RSMo.1978 (Dead Man's Statute), to-wit:

> [W]here an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator . . .

Defendant relies upon *Flanagan v. DeLapp*, 533 S.W.2d 592, 598–99[5–8] (Mo.banc 1976) and *Brewer v. Blanton*, 555 S.W.2d 381, 383[2] (Mo.App.1977). His reliance is misplaced, for the reason that the administrator in this case was only a nominal party. *Dillard v. Dillard*, 266 S.W.2d 570, 573[2, 3] (Mo.1954). Further, plaintiff's testimony, which did not refer to the transaction in question, has not been shown by defendant to be of any prejudice. *Brewer v. Blanton*, supra at 384–85[4, 5].

Plaintiff also named as defendant one Ira J. Scoville, the transferee by quit-claim deed of defendant Kratzer. For reasons not apparent from the record, after this suit was filed defendant Kratzer had himself appointed administrator of grantor's estate and, as administrator, intervened as a party defendant. Plaintiff has neither sought nor received any relief from defendant Kratzer as administrator. Defendant Kratzer, as administrator, did not perfect an appeal to this court. The trial court accepted the testimony of plaintiff only as it pertained to defendant Kratzer personally, and not in his capacity as administrator. The disqualification arising from the administration proviso of the Dead Man's Statute, therefore, was not applicable. *Bashor v. Turpin*, 506 S.W.2d 412, 421[8, 9] (Mo.1974).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.