Elmer O. **JOHNSON** (Deceased), Alice Victoria Johnson, widow, Plaintiff-Respondent,

v.

**PARK N SHOP** d/b/a Ninth and Chestnut Street Garage and Travelers Insurance Company (Employer and Insurer), Defendants-Appellants.

No. 33360.

St. Louis Court of Appeals.

Missouri.

Sept. 16, 1969.

Evans & Dixon, Robert J. Robinson, St. Louis, for defendants-appellants.

Quinn & Quinn, William B. Quinn, Robert L. Weise, St. Louis, for plaintiff-respondent.

SMITH, Commissioner.

This is an appeal from a judgment affirming an award of the Industrial Commission of Missouri in favor of respondent on a workmen's compensation claim. The employer and insurer appeal. The claimant here is the wife of the employee, who died after the claim arose, but before it was filed, from causes totally unrelated to the injury involved.

Defendants' appeal is based upon the exclusion of certain evidence claimed to be competent and the admission of evidence claimed to be incompetent. We affirm.

■ As has been frequently stated, we determine in a workmen's compensation case whether the award is supported by substantial competent evidence and if it is, the findings of fact by the Commission are binding. If incompetent evidence is admitted, its admission does not justify setting aside an award where there is substantial, competent evidence to support the award. Wills v. Berberich's Delivery Co., 339 Mo. 856, 98 S.W.2d 569 [2–4].

The questions litigated here were whether the employee sustained an accident in the course of his employment and if so the extent of disability which he incurred as a result. Claimant's evidence warranted findings that deceased worked for employer as an automobile body repair man; that on June 14, 1965, he left his home in Farmington, Missouri, for work, in good health, and with no indications of injury or trouble to his left knee; that at approximately 5:30 P.M. on that day he went to his daughter's home for supper and was limping, had a swollen left knee and was complaining of pain in the knee. Decedent had had no prior history of knee difficulties; had for many years followed his occupation as a "body man;" such work required extensive kneeling and crawling which he was observed by his family to do with no difficulty; his employment record with employer gave no evidence of absenteeism or inability to perform his work prior to June 14, 1965. Deceased continued work for the remainder of the week and upon returning to his home on Friday June 18, he could walk only with support, and his knee was severely swollen, to the extent that it was necessary for his wife to slit his pant leg to treat the knee. Thereafter, decedent embarked on a course of medical treatment resulting eventually in an operation which included removal of the knee cap, synovial lining and the medial meniscus

of the left knee. Decedent died in September, 1965, apparently from a heart attack. The award was for 50% permanent partial disability of the left leg at the knee.

Defendants introduced evidence that the injury was the result of falling off a ladder at home over the weekend and that decedent had limped for several years, had complained frequently before June 14 of difficulties, swelling and pain in his knee. There was rebuttal evidence to negate certain of defendants' evidence, and the evidence of defendants as to other causes for the disability is not wholly consistent.

■ The medical experts agree that the decedent had a degenerative condition of the left knee prior to June 14, 1965; and we believe a reasonable reading of the voluminous medical evidence would support the conclusion that some trauma aggravated and accelerated the degenerative condition making the operation necessary. We further believe a reasonable reading of the evidence would support a finding that decedent had no *functional* impairment of his left knee prior to June 14, 1965, and no disability in his employment prior to that time. On the record here we hold that substantial competent evidence existed to support a finding of accidental injury arising from the employment and a resulting disability of 50% of the left leg at the knee.

■ Defendants' contention that incompetent evidence was admitted concerns one item. Their contention concerning failure to admit competent evidence involved four items. We will take them up in order. Defendants called as their witness the operating physician. On cross-examination he testified that on one visit to his office the decedent stated that while at work his boss dropped a bumper on his left knee. Defendants objected to this testimony as self-serving, and the objection was overruled. The doctor had testified on direct, without objection, that on his initial visit decedent had stated that while at work he bumped his knee on a car. The award of the Commission was based upon an accident where " * * * co-employee dropped bumper on employee's left knee." Defendants contend the admission of the statement objected to was prejudicially erroneous as there was no competent evidence to support this finding of the Commission except the objectionable testimony.

We need not explore the interesting fields of curative admissibility or admissibility of statements to doctors concerning facts necessary for proper treatment by the doctor. Here we will, for purposes of this opinion, treat the admission of the evidence as erroneous. We find that even excluding this evidence there is competent evidence to sustain the Commission's finding. Claimant's original claim for compensation, dated December 2, 1965, stated the date of the accident to be June 18, 1965, and that "Employee was underneath bumper and fellow employee dropped bumper on employee (claimant's) left leg and knee." Employer and insurer filed an answer dated December 7, 1965, stating in part: "Comes now the Employer and Insurer and for answer to the Employee's claim admit an accident on or about June 18, 1965." This answer further stated the place of the accident to be: "Employer's Premises." Thereafter, by an answer dated December 8, 1965, defendants denied all the allegations of the claim other than employment and operation under the workmen's compensation law. The location of the accident was described as "St. Louis, Missouri." Thereafter, an amended claim was filed alleging the same accident but changing the date to "On or about June 14, 1965." The answer to this amended claim denied all allegations on the basis " * * * the employee has reported separate dates, June 14 and June 18, 1965, as being the date of his accident; that said employer and insurer are without sufficient knowledge and information to ascertain which of the two dates may or may not be correct and must accordingly deny each and every, all and singular, the allegations contained in the Claim for Compensation * * *." The answer of December 7, 1965, was introduced by claimant as an abandoned

pleading containing an admission against interest. Claimant also introduced the report of injury prepared by employer which described the injury as occurring "While putting a bumper on a car he struck his left knee." The report of injury stated this occurred on June 14, 1965, and the answer in response to the question "Is injury under the law?" was "Yes."

The answer of December 7, 1965, was an abandoned pleading and as such is an admission of employer and insurer. Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889. Nothing appears in this record to require that this admission be ignored. It warrants the conclusion that employer and insurer admitted the employee had an accident on the employer's premises similar to that alleged in the original claim at some time close to June 18, 1965. We do not believe the error in date of the original claim (June 18 vis a vis June 14) affects the substance of the admission, particularly since the report of injury made by the employer carried the correct date. The admission contained in the original answer was competent evidence of the occurrence of the accident found by the Commission. Certainly the direct testimony of the doctor plus the report of injury established that deceased's knee accidentally came in contact with a bumper. We are not impressed that any inconsistency exists, but certainly no doubt exists that under either statement the injury was accidentally incurred during the course of employment. It is therefore immaterial in which manner the accident occurred. Tralle v. Chevrolet Motor Co., 230 Mo.App. 535, 92 S.W.2d 966, l.c. 969. Any error in the admission of the doctor's statement was not prejudicial.

■ Defendants' first objection to evidence excluded, concerns the cross-examination of employer's office manager, who had prepared the report of injury. Claimant established by the witness her authority to prepare such report; her lack of personal knowledge of the facts therein set forth; and that to obtain the information she called

employee's foreman. Plaintiff offered the report of injury as an admission of employer that the accident was incurred on June 14 in the course of employee's employment. The direct examination also established the availability of the foreman to testify. On cross-examination defendants attempted to elicit the conversation of the witness with the foreman on the basis that this went to the source of the information in the report. This was excluded on the basis of hearsay. Defendants' offer of proof reflects that if answer had been permitted the office manager would have stated that she was told by the foreman that the employee said this was the way the accident occurred. The objection was properly sustained. At the outset we note the report of injury does not qualify the statements therein contained but states the occurrences as facts. It is therefore much more analogous to Tralle v. Chevrolet Motor Co., supra, than Jacobs v. Bob Eldridge Construction Co., Mo.App., 393 S.W.2d 33, in which latter case the use of the term "alleges" was held to allow the Commission to consider the weight to be given the admissions contained therein. But even if the defendants were entitled to show the source of the office manager's information, that had already been established. What defendants were really attempting to show was the source of the foreman's information based upon what he told the office manager. Defendants' contention that they did not seek to prove the truth of the statements made to the office manager is not correct. They were not seeking to prove the truth of any statements by the employee to the foreman but they were trying to establish the truth of what the foreman said his source of information was, without presenting the foreman and making him available for cross-examination. This was hearsay and properly excluded.

■ Defendants' remaining three points involved the same general question. The referee refused to permit certain medical testimony on the basis that proper medical reports had not been furnished as required under Sec. 287.210(3), RSMo 1959,

V.A.M.S. The first such refusal involved the testimony of the radiologist who took x-rays of employee's knee. The report furnished claimant's attorney pursuant to Sec. 287.210(3) consisted solely of the report of the x-ray examination, without any history. On examination of the doctor at the hearing defendants attempted to elicit statements made to the doctor, reflected on his office records, by the employee as to the cause of the injury. Defendants' counsel admitted this information was not contained in the reports furnished. We have had occasion recently to consider the purpose and intent of the provision of the workmen's compensation law requiring exchange of medical information. See Springett v. St. Louis Independent Packing Company, Mo. App., 431 S.W.2d 698. And as was pointed out there, the report required includes the patient's *history* and *complaints*. No explanation appears why this history was not included in the report nor is the record at all conclusive that such information was made available to claimant upon inspection of the records under 287.140(6). The doctor was allowed to testify to all matters contained in the report as furnished but was not permitted to testify to matters contained in his office records not reflected in the report. The failure to supply this information as required by Sec. 287.210(3) and (5) warranted the action of the referee in excluding the testimony. Nor could defendants obtain the admission of such information by attempting to introduce the office records into evidence which the referee also refused to permit. Claimant was entitled to the information seven days before hearing and defendants' failure to provide it authorizes the referee to preclude them from utilizing it at the hearing. We cannot distinguish *Springett* on the ground urged by defendants that in *Springett* no report at all was provided whereas here most of the report was provided. The statute requires *all* medical reports *complete*.

Defendants also attempted to offer the testimony of Doctor Scheer, as an expert. The referee excluded any testimony by that doctor, again on the ground that no report had been timely served. The only report from that doctor served on claimant was after the hearing commenced and after the testimony of claimant's medical expert. Defendants contend no report was required from Doctor Scheer because he was neither an examining nor a treating doctor. Doctor Scheer never saw the employee, but was to testify from the medical records, x-rays, hospital records reviewed by him and facts hypothesized to him. Section 287.210(3) R.S.Mo. 1959 provides:

"* * * Immediately upon receipt of notice from the division or the commission setting a date for hearing of a case in which the nature and extent of an employee's disability is to be determined, the parties or their attorneys shall arrange, without charge or cost, each to the other, for an exchange of *all* medical reports, *including* those made both by treating and examining physician or physicians, *to the end that the parties may be commonly informed of all medical findings and opinions.*" (Emphasis supplied.)

We believe that the intent of this section is clear. It requires *all* medical opinions to be disclosed seven days prior to hearing, including those of examining or treating physicians. "Including" does not mean "limited to." The purpose of this disclosure is specifically set out by the legislature and contemplates full disclosure of all medical evidence to be used at the hearing. The penalties for violation of this disclosure provision are set forth also. When a party is aware that a report has not been furnished he may request a continuance of the hearing so that he may have all reports before being required to proceed with his proof. The failure to provide a report also permits the objecting party to prevent the testimony of the treating or examining physician who failed to submit the report. An examination of the entire section here involved leads us to hold that the legislative intent was to require all medical reports to be exchanged and failure

to do so permits exclusion of the testimony of the doctor.

Was Doctor Scheer a treating or examining doctor within the meaning and intent of this section? Clearly he was not a treating doctor. It is common practice in workmen's compensation cases for parties to have injured persons examined by doctors solely as a basis for the expert testimony of the doctor at hearing, and with no thought that that doctor will provide any medical assistance to the injured person. Unquestionably such a doctor is an examining physician. We are unable to see any difference between that physician and Doctor Scheer here except the presence of the injured party in the office of the doctor at some time. Doctor Scheer examined all the medical records available on deceased, examined x-rays, read the reports of the operation and hospital notes, all with the intention and aim of testifying to a medical opinion concerning the condition of this deceased, prior to and subsequent to the injury. We cannot hold that an examining physician within the meaning of this section is limited to one who makes a physical examination of the claimant or injured employee. It includes as well a physician who has examined the medical records, history, hospital records, x-rays, medical tests or a portion of them for the purpose of giving a medical opinion concerning the claimant. Doctor Scheer was an examining physician within the meaning and intent of this section and his testimony was properly excluded. We also agree with the trial court that the testimony of Doctor Scheer, as gathered from the offer of proof, was essentially the same as that of the treating physician and was cumulative.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY, J., concur.