Claude E. VICKERY, Employee,
Plaintiff-Appellant,

v.

ACF INDUSTRIES, INCORPORATED,
Employer, Defendant-Respondent.

No. 33623.

St. Louis Court of Appeals,
Missouri.

April 28, 1970.

Douglas W. O'Neill, St. Louis, for plaintiff-appellant.

Gentry, Bryant & Sheppard, Stephen M. Hereford, St. Louis, for defendant-respondent.

SMITH, Commissioner.

This appeal arises from the affirmance by the Circuit Court of an award by the Industrial Commission denying compensation in a workmen's compensation case. The award by the referee, affirmed and adopted by the Commission, was that the "employee did not sustain injury by accident arising out of and in the course of his employment." It is our duty on review to determine whether on the entire record the Industrial Commission could make the findings and award it did make, i. e., whether the award is supported by competent and substantial evidence in the record. We hold it is.

The parties treat this case as presenting a question concerning the exchange and copying of medical records under Sections 287.140 and 287.210 RSMo. 1959, recently discussed by this court in Springett v. St. Louis Independent Packing Co., Mo.App., 431 S.W.2d 698; Johnson v. Park N Shop, Mo.App., 446 S.W.2d 182; and Weilert v. Fruin-Colnon Corp., Mo.App., 447 S.W.2d 781. The presence of such a question is superficial.

Employee testified that on May 24, 1966, while in the course of his employment, he was violently swung to and fro by a defective hoist which was picking up a metal head assembly upon which he had been working. During this activity something fell on employee's right foot and he noticed a pain shooting in his hip. He went to the dispensary operated by employer and there received treatment by the nurse on duty, consisting of soaking his foot in cold water and receiving liniment for his hip. He returned to work and later in the evening noticed increased pain in his hip and pain starting in his testicles and going up into his low back. The difficulty in the right foot cleared up within a few days, but the hip and back pain continued, particularly when employee was doing heavy lifting. In July, 1966, employee noticed a numbness in his right leg and consulted his doctor. Eventually his complaints resulted in hospitalization and a hemilaminectomy and spinal fusion.

Employee's foreman testified for employee and stated he remembered employee having injured his foot but was unaware of any hip or back injury until the week before the hearing. Employee's co-worker, also presented by employee, remembered the incident and that employee had said he was hurt and was going to the dispensary. He was unable to recall what it was employee said hurt.

Employee's exhibits included the hospital records from Normandy Osteopathic Hospital where the operation was performed. They include the following: "Onset and course—Patient injured while working 3–4 yrs. ago. Testicles swelled @ time and back began hurting. Pain has been of a low grade and hasn't caused trouble, but on 7–29–66 pt. began to notice numbness in rt. leg throughout the course of the

Sciatic N.—numbness & tingling." These records carry no indication of injury in May, 1966, or any reference to the accident testified to by employee and in the history portion after the heading "previous accidents" appears "denies." Employee admitted he was questioned at length at the hospital and the questioners wrote down things as he talked to them, but he denied making the specific answer appearing on his exhibit—the hospital records.

Employer placed in evidence certain of its records including dispensary records of March 16, 1965, and May 24, 1966, (Exhibits 3 and 2), a surgical case record card for employee of March 16, 1965 (Exhibit 4), and a medical record card for employee of May 24, 1966 (Exhibit 5). Exhibits 2 and 3 were admitted over the objection of employee that they had not been furnished to employee's attorney at the time he went to employer's premises to copy medical records. Exhibits 2 and 3 constitute the daily "log" of the dispensary setting forth all employees seen or treated on a given day, their complaints, and their treatment. Exhibits 4 and 5 are cards maintained for the individual employee which are prepared from the dispensary sheets. Exhibits 3 and 4, dated March 16, 1965, pertain to employee's complaint that he had twisted his leg while working causing "sore left hip—Pain radiates from knee up leg thru hip into buttocks & back." The treatment consisted of medicine and liniment. Exhibits 2 and 5 dated May 24, 1966, pertain to employee's complaint that a piece of material hit the top of his foot resulting in "Contused Metatarsal Area on left foot." They contain no reference to hip or back complaints and reflect the treatment as ice water soak of the foot.

Employer additionally placed in evidence the claim file of Prudential Insurance Company of America relating to employee's claim for accident and sickness insurance in connection with his hospitalization for his back problems. Under the portion designated claimant's statement, and signed by employee, appears the following question and answer: "Did the sickness or injury arise out of the Insured's employment? ☐ Yes ☒ No." The same question and answer appears in the employer's section of the application and in the attending physician's section. The attending physician was employee's personal physician selected by him. No benefits could be received under this policy for accident or sickness arising out of the Insured's employment. Employee did receive benefits based on this application. Employee professed that he merely signed the application in blank and gave it to his doctor.

 Claimant bears the burden of proof on all material elements of his claim which includes establishing his injury was incurred in an accident arising in the course of his employment. Meilves v. Morris, Mo., 422 S.W.2d 335. The only injury for which claimant attempted to recover compensation was the injury to his hip and back. The finding of the referee and the commission was that the injury complained of did not arise from accident arising out of and in the course of his employment. For this finding there is adequate support in the record.

The only evidence that the hip and back condition arose from the accident of May 24, 1966, is employee's testimony. Employee's medical evidence of causation, posed by hypothetical question, was based upon employee's testimony respecting the accident, the prior condition of employee's back as good, and the pain incurred at the time of the accident. On the other hand, Exhibit 5 reflects, contrary to employee's testimony, that his only complaint on the day of his injury at the dispensary was of injury to his left foot (not the right as he testified). Exhibit 4 reflects that in March, 1965, he did complain of a sore left knee and hip with pain radiating from the knee up through the hip and into the buttocks and back. Any claim for compensation for the 1965 injury was barred by the statute of limitations at the time employee

filed his claim. Additionally, employee's hospital records reflect complaints concerning employee's back arising from a work injury three or four years prior to the accident in question and make no reference to the claimed accident in May 1966. The application for accident and sickness benefits, signed by employee and upon which he received benefits, states the injury was not employment connected. There are other divergences between employee's testimony and the documentary evidence which it is unnecessary to set forth. There was substantial and competent evidence that employee's back problems long preceded the accident of May 24, 1966, and that the only injury he sustained in that accident was a bruise on his foot. There was sufficient evidence to support the award.

We turn now to the medical records objection of employee. Employee's attorney, armed with an authorization to inspect and copy medical records, contacted the employer the day before hearing commenced. The authorization gave the right to inspect and/or copy all medical records in employer's possession "in regard to the above captioned case." The date of the accident is listed as "5/24/66 or thereabout," and no specific records were called for. The attorney was definitely shown Exhibit 5, didn't remember whether he was shown Exhibit 4, and was not shown Exhibits 2 and 3. Employee asserts that the referee erred in allowing Exhibits 2 and 3 into evidence.

Exhibits 4 and 5 were admitted without objection and even if 2 and 3 were improperly admitted there still is substantial competent evidence to sustain the award. Although some minor differences exist between 2 and 3, and 4 and 5 the essential facts favorable to the commission's award are found in 4 and 5. We need not pass on the claimed error in admitting Exhibits 2 and 3 for if there is substantial competent evidence to support the award the erroneous admission of incompetent evidence does not warrant setting aside the award. Wills v. Berberich's Delivery Co., 339 Mo. 856, 98 S.W.2d 569 [2–4]; Jackson v. Curtiss-Wright Airplane Co., 334 Mo. 805, 68 S.W. 2d 715 [4–7]; Sec. 287.550 RSMo. 1959.

Employee's contention that the testimony of two nurses should not be considered is without merit. No objection was made to the testimony and no motion to strike was made. Employee cannot now complain.

The employee contends the referee improperly admitted the evidence concerning employee's claim for sickness and accident benefits. The contention has not been preserved for review as it is not included in employee's points relied on as required by 83.05(e) and was raised for the first time in his reply brief. Gratuitously, however, we note that the application was admittedly signed by employee, constituted an admission by employee, and was admissible.

Judgment affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.