Mildred R. WRAY, Employee-Appellant,

v.

SCHWITZER COMPANY,
Employer-Respondent,

Liberty Mutual Insurance Company,
Insurer-Respondent.

No. 12001.

Missouri Court of Appeals,
Southern District,
Division One.

April 24, 1981.

Charles A. Mogab, Thomas J. Gregory, Mogab & Hughes, Attorneys, Inc., St. Louis, for employee-appellant.

Anna Mayer Beck, Riethmann & Soebbing, St. Louis, for insurer-respondent.

TITUS, Judge.

Employee Mildred R. Wray filed for benefits under the workmen's compensation law. Ch. 287, V.A.M.S. In all involved proceedings, the principal issue in dispute concerned the nature and extent of employee's permanent partial disability. The only medical evidence adduced relative to disability was via written reports submitted by various treating and examining physicians. Through its chief administrative law judge, the Division of Workmen's Compensation (division) awarded Mrs. Wray compensation based on 15% permanent partial disability to the body as a whole. Upon review, the Labor and Industrial Relations Commission (commission) modified the division's award by increasing the disability rating to 27.5%. Following appeal from the last-noted award, the circuit court reversed and remanded the cause to the commission "with instruction to reconsider the evidence and to enter an award in conformity" with the court's order and judgment. Employee appealed.

The substance of the circuit court's basis for reversing and remanding the matter was its conclusion that the commission's award was based upon "speculation, guess work [sic] and conjecture" because its findings regarding the percentage of employee's permanent partial disability apparently was predicated upon the "Impression" of Mrs. Wray's examining physician rather than upon his "opinion based upon any degree of medical certainty." As already noted, the entire medical evidence in this case consisted of the written reports of the treating and examining physicians, all of which were admitted without a single objection. Under these circumstances, any contention the reports should not have been considered by the fact trier would, of course, be without merit. *Vickery v. ACF Industries, Incorporated*, 454 S.W.2d 620, 623[5] (Mo.App.1970).

Specifically, the circuit court was referring to a letter written by Mrs. Wray's examining physician relative to his "repeat" or second examination of the employee. Following a recitation concerning the particulars of the patient's medical history, complaints and the nature, extent, and result of his examinations, the doctor's report concluded with the following paragraphs, each titled as noted: "<u>IMPRESSION</u> (1) Herniated lumbar disk with L4 and L5 root compression on right. (2) Chronic lumbo-

sacral strain syndrome. It is my opinion that the industrial accident described in our [previous] correspondence . . . is the sole producing cause of the above disabilities. PROGNOSIS It is my opinion that the patient will continue to experience back and leg pain as a result of this injury. At sometime in the future, it is quite probably [sic] that she will require hospitalization and, possibly, back surgery. DISABILITY For purposes of Workmen's Compensation, the following disability ratings are made: For herniated lumbar disk, a permanent partial disability of 25% of a woman as a whole is made. For chronic lumbosacral strain syndrome, a permanent, partial disability rating of 15% of a woman as a whole. In total, a permanent, partial disability of 40% of a woman as a whole."

■■■ A perusal of the court nisi's opinion suggests the capitalized and underscored paragraph titles in the medical report, supra, were so mesmeric that the communications contained in the body of the writing may have escaped attention. The court took "impression" to mean a vague, indistinct inkling or notion, overlooking the fact that the word is also defined as something having a considerable effect upon the mind. But regardless of what may be the intended meaning of the word when employed in any given context, it is worthy of note that just as employee's examining physician used "impression" in heading a paragraph wherein he expressed his medical opinion, the doctor who reported to the employer and insurer on the subject followed exactly the same format and paragraph-titling while expressing his professional opinion in three of his letters which were exhibits in the case. Use of "think," "guess," "rough opinion," "impression" and similar words are not destructive of a witness' testimony when it appears, as here, that the witness was employing such words with the intent to express an opinion or judgment. *Hinrichs v. Young*, 403 S.W.2d 642, 646[5] (Mo.1966) and authorities there cited. It seems clear that when the doctor twice wrote "It is my opinion" after two of the paragraph titles, he was, in fact, stating his professional opinion as opposed to a conjectural impression. Moreover, when the written medical reports proffered by all the parties were admitted into evidence without a single objection, their contents properly could be considered as evidence of the facts and opinions therein set forth [*Denton Const. Co. v. Missouri State Highway Com'n*, 454 S.W.2d 44, 48[1] (Mo.1970)] for a rule of evidence is waived when not invoked. *Mound Rose Cornice & S. M. Wks. v. H. Kalicak Const. Co.*, 454 S.W.2d 603, 605[1, 2] (Mo.App.1970).

■ The standards to which we and the circuit court are judicially bound in reviewing awards made by the commission are set forth in art. V, § 18 of the Missouri Constitution and § 287.490, V.A.M.S. and explained in *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50, 52–53[1–5] (Mo. App.1975). In applying these standards, we must view the record in the light most favorable to the commission's findings considering the favorable inferences which the commission had the right to draw from the evidence, and then determine whether its findings, even if supported by substantial and competent evidence, are opposed to the overwhelming weight of the evidence. *Thacker v. Massman Const. Co.*, 247 S.W.2d 623, 627[2] (Mo.1952). "When courts speak of the weight of the evidence, they mean its weight in probative value, not the quantity or amount thereof. . . . 'The weight of evidence is not a question of mathematics, but depends on its effect in inducing belief.'" *Land Clear. for Redev. Auth. v. Joplin Union Depot Co.*, 429 S.W.2d 806, 813 (Mo.App. 1968). Thus the weight of evidence sufficient in probative value to induce belief may come from a single source as opposed to many.

■ "Extent and percentage of disability is a finding of fact within the special province of the Industrial Commission, . . . and the Commission is not bound by the medical testimony but may consider all the evidence, including the testimony of the employee, and draw all reasonable inferences from other testimony in arriving at the percentage of disability." *Fogelsong v.*

*Banquet Foods Corporation*, 526 S.W.2d 886, 892[10, 11] (Mo.App.1975). Otherwise stated: "Proof of the extent of disability is not required to be made with mathematical exactness and the commission is not bound by the percentage estimates or other testimony of medical experts." *Blair v. Associated Wholesale Grocers, Inc.*, 593 S.W.2d 650, 655[11] (Mo.App.1980). Furthermore, in a workman's compensation case the commission's obvious acceptance or rejection, in whole or in part, of the testimony of any lay or medical witness cannot be disturbed upon review, by either the circuit court or this court, unless its action in so doing is against the overwhelming weight of the evidence. *Berardino v. General Molding, Inc.*, 586 S.W.2d 365, 366[1] (Mo.App.1979).

██ Our examination of the entire record based upon the standards above noted, compels the conclusion that the commission's award herein is based upon substantial evidence and should not have been disturbed and disregarded by the circuit court. It is therefore our opinion that the judgment of the circuit court be reversed and the cause remanded to that tribunal with directions to enter a new judgment affirming the award of the commission.

It is so ordered.

GREENE, P. J., and FLANIGAN, J., concur.