Mae Belle GLICKERT,
Claimant-Appellant

v.

SOUNDOLIER, INC., and Bituminous Casualty Corp.,
Employer-Insurer-Respondent.

No. 48367.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 12, 1985.

Douglas W. O'Neill, St. Louis, for claimant-appellant.

Frank J. Lahey, St. Louis, for employer-insurer-respondent.

SATZ, Judge.

Claimant appeals from an award of the Labor and Industrial Relations Commission (Commission). Claimant was injured when she fell at work. The Commission granted claimant $370 for emergency medical treatment and x-ray costs, but denied compensation for permanent partial disability and the costs of 14 treatments by a chiropractor. We affirm in part, reverse in part and remand.

The Commission found claimant suffered no permanent partial disability and denied her compensation. Claimant contends the finding was against the overwhelming weight of the evidence and should be set aside. We disagree.

We affirm the findings of the Commission, if they are supported by competent and substantial evidence. *E.g., Blissenbach v. General Motors Assembly Division*, 650 S.W.2d 8, 11 (Mo.App.1983). We view the evidence in the light most favorable to the Commission's findings, ignoring evidence to the contrary, *e.g., Matthews v. Roadway Express, Inc.*, 660 S.W.2d 768, 769 (Mo.App.1983), and we defer to the Commission's determination of credibility and resolution of conflicting evidence. *E.g., Henderson v. Chrysler Corp.*, 601 S.W.2d 645, 648 (Mo.App.1980).

From our review of the record, we find the Commission's finding of no permanent partial disability was supported by competent and substantial evidence. Therefore we deny claimant's first point.

Claimant next argues the Commission erred in excluding the deposition testimony of claimant's chiropractor, Carl Tiemann. We agree.

In addition to other medical treatment, claimant was attended to by Dr. Tiemann about 14 times. Dr. Tiemann's office records were made available to the employer's attorney on November 8, 1982. These records included a complete account of Dr. Tiemann's treatment and his fees. The hearing on the claim was set for November 15, but was continued to November 30. On November 22, claimant's attorney received

a medical report from Dr. Tiemann, which, in turn was furnished to employer's counsel on November 24, 1982.

At the hearing on November 30, 1982, the Administrative Law Judge (ALJ) refused to permit Dr. Tiemann to testify because claimant's attorney had not provided employer's attorney with Dr. Tiemann's "medical report" within seven days prior to the hearing as required by § 287.210.3, RSMo Supp.1984. The ALJ gave claimant's attorney the alternative options of continuing the hearing, or proceeding with the hearing with the right to submit Dr. Tiemann's deposition as an offer of proof supporting claimant's objection to the rejection of Dr. Tiemann's testimony. Claimant opted for the latter alternative.

Subsequently, Dr. Tiemann's deposition was filed. The ALJ noted:

"Attorney for claimant requests admission. Attorney for employer-insurer objects. See my ruling in my award. Case is taken as submitted."

In his findings, the ALJ admitted the deposition testimony of Dr. Tiemann because "it simply reflects that which his records indicate." The Commission reversed the ALJ, ruling that Dr. Tiemann's deposition was not admissible because his medical report was not provided to the employer-insurer within seven days of the hearing as required by § 287.210.3. The Commission then denied claimant reimbursement for Dr. Tiemann's fees because there was nothing in the record to verify the reasonableness of the fees. That verification was established only by Dr. Tiemann's deposition testimony.

■ Acknowledging the Commission's administrative expertise, we nonetheless find the Commission's application of § 287.-210.3 in this instance too literal and narrow. Section 287.210.3 requires an exchange of all medical reports at least seven days before the scheduled date of the hearing.[1] This statute is a discovery tool designed to prevent surprise and inform the parties as to all medical findings and opinions. *Griffin v. Evans Electrical Construction Co.*, 529 S.W.2d 172, 179 (Mo. App.1975); *Weilert v. Fruin-Colnon Corp.*, 447 S.W.2d 781, 786 (Mo.App.1969). Read literally, the statute grants no discretionary authority to the ALJ or Commission in applying sanctions for non-compliance—if the report of a physician is not furnished within seven days, the physician cannot testify at the hearing. *See e.g., Johnson v. Park N Shop*, 446 S.W.2d 182, 187 (Mo.App.1969).

■ For its ruling precluding Dr. Tiemann's testimony on the reasonableness of his fees, the Commission relied on *Springett v. St. Louis Independent Packing Co.*, 431 S.W.2d 698, 706 (Mo.App.1968), the leading case on this issue. *Springett* and its progeny, however, simply hold and teach that a doctor is only allowed to testify to those facts included in reports timely furnished, or, conversely, a doctor cannot testify to facts not included within his report. *See Howard v. Fred Weber, Contractor, Inc.*, 465 S.W.2d 861, 865–66 (Mo. App.1971); *Weilert v. Fruin-Colnon*

---

1. § 287.210.3 RSMo Supp.1984 reads:

The testimony of any physician who treated or examined the injured employee shall be admissible in evidence in any proceedings for compensation under this chapter, but only if the medical report of the physician has been made available to all parties as in this section provided. Immediately upon receipt of notice from the division or the commission setting a date for hearing of a case in which the nature and extent of an employee's disability is to be determined, the parties or their attorneys shall arrange, without charge or costs, each to the other, for an exchange of all medical reports, including those made both by treating and examining physician or physicians, to the end that the parties may be commonly informed of all medical findings and opinions. The exchange of medical reports shall be made at least seven days before the date set for the hearing and failure of any party to comply may be grounds for asking for and receiving a continuance, upon proper showing, by the party to whom the medical reports were not furnished. If any party fails or refuses to furnish the opposing party with the medical report of the treating or examining physician, as in this section provided, upon the objection of the party who was not provided with the medical report, the physician shall not be permitted to testify at that hearing.

*Corp., supra* at 787; and *Johnson v. Park N Shop, supra* at 187. *See also Weinbauer v. Grey Eagle Distributors,* 661 S.W.2d 652, 656 (Mo.App.1983).

But, neither statutory provisions, case law, nor common sense requires that medical fees be included in the medical reports to be exchanged. Section 287.210.5 defines medical report as "the report of any physician made on any printed form authorized by the division or any complete medical report." Complete medical report, in turn, means "the report of a physician giving patient's history, complaints, details of the findings of any and all laboratory, x-ray and all other technical examinations, diagnosis, prognosis, nature of disability, if any, and an estimate of the percentage of permanent partial disability, if any." [2] All of these elements required in the report pertain specifically to the actual treatment, prognosis and diagnosis of the patient. What an opposing counsel expects and wants is the doctor's medical evaluation. Common sense dictates, therefore, that fees would not be included even in a medical report that complied with the seven-day rule.

Admittedly, § 287.210.3 says that the report must contain *"all"* findings and opinions. Lay people may be bemused or perplexed by the workings of the legal mind which makes "all" not mean "all." But, it would be incongruous, to say the least, to preclude a doctor whose medical report is "complete" as to diagnosis, treatment and prognosis from testifying to the reasonableness of his fees simply because his report made no mention of his fees. This draconian interpretation is not necessary. The seven-day rule simply is inapplicable to testimony concerning fees. That being so, employer's counsel here could not have

been surprised nor prejudiced by allowing Dr. Tiemann to testify as to the reasonableness of those fees which had already been admitted into evidence.[3] Since a treating physician establishes the reasonableness of his fees through testimony, *see Richard B. Curnow, M.D., Inc. v. Sloan,* 625 S.W.2d 605, 607 (Mo. banc 1981); *Lange v. Kansas City Southern Ry. Co.,* 290 S.W.2d 71, 72 (Mo.1956), Dr. Tiemann's deposition testimony as to the reasonableness of his fees should have been allowed into evidence and taken into consideration by the Commission in determining the amount of claimant's compensable injury.

We remand this cause to the Commission for reconsideration of the reasonableness of the chiropractic fees in light of the testimony erroneously excluded.

SMITH, P.J., and SNYDER, J., concur.

---

**2.** Claimant argues that the office records constituted a complete medical report within the intendments of the statute because the records contained all required information. We need not address this issue in order to reach a decision in this case.

**3.** The record which contained a listing of the fees charged to claimant were admitted under § 287.140.6, RSMo Supp.1984, which states:

Every hospital or other person furnishing the employee with medical aid shall permit its record to be copied by and shall furnish full information to the division or the commission, the employer, the employee or his dependents and any other party to any proceedings for compensation under this chapter, and certified copies of the records shall be admissible in evidence in any such proceedings.