**Patricia CLARE, widow of David C. Clare, Plaintiff–Appellant,**

v.

**WILSON FREIGHT, INC., and Transport Insurance Company, Defendants–Respondents.**

**No. 53199.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 16, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 1988.

Application to Transfer Denied
May 17, 1988.

Frank J. Niesen, Jr., St. Louis, for plaintiff-appellant.

Robert T. Hart, Kortenhof & Ely, P.C., St. Louis, for defendants-respondents.

CARL R. GAERTNER, Judge.

On April 1, 1978, David Clare sustained an accidental injury arising out of and in the course of his employment as a driver for Wilson Freight, Inc. On July 25, 1978, he filed a claim for compensation alleging injuries to his left forearm and elbow. On December 22, 1982, he filed an amended claim alleging injuries to his "left arm, elbow, back and other parts." On June 17, 1983, an administrative law judge entered an award finding Mr. Clare had sustained a permanent injury to his left arm. He further found that the complaints regarding Mr. Clare's back were not related to the incident of April 1, 1978 and held the employer-insurer not responsible for any disability or medical treatment of a back condition. The Labor and Industrial Relations Commission unanimously approved this finding. The circuit court affirmed the above decision, but remanded the case to the Commission to determine if employee's left arm would require future medical treatment. Mr. Clare appealed the circuit court's decision, but we dismissed his appeal. *Clare v. Labor and Industrial Relations Com'n.*, 696 S.W.2d 867 (Mo.App. 1985). When Mr. Clare's subsequent death rendered moot the remanded issue of further medical treatment, the Commission reinstated its original order affirming the award of the administrative law judge and Patricia Clare, the widow of David Clare, was substituted as claimant.

On appeal Mrs. Clare contends the award which found her husband's back injury unrelated to the accident of April 1, 1978 was not based on competent and substantial evidence and that the use of an undisclosed statement of Mr. Clare constituted a violation of § 287.215, RSMo. 1986, mandating reversal. We disagree and affirm the award of the Labor and Industrial Relations Commission.

We are required to review the evidence in the light most favorable to the decision of the Commission and such decision must be upheld if supported by substantial and competent evidence. *Blissenbach v. General Motors Assembly Div.*, 650 S.W.2d 8, 11 (Mo.App.1983). We find ample evidence to support the finding that Mr. Clare's back complaints were unrelated to the April 1, 1978 accident. No mention of an injury to his back was made in either the report of injury or in the original claim for compensation. At the hearing, Mr. Clare testified that, from the outset, he complained about his back to the various doctors who treated him but that his back problems suddenly became more acute in May, 1981. The original treating physician testified that Clare made no complaint regarding his lower back; he only complained about his left arm and, on the second visit, his neck. Deposition testimony of six physicians and reports of three others were received in evidence as well as the records of three hospitals. Most of this evidence reflects no mention of low back pain by Mr. Clare until three years after the accident. Some of the doctors indicate he gave a history of generalized stiffness following the accident, including his back, which later subsided. Thorough review of the record shows that from the date of the accident until May 28, 1981, Mr. Clare voiced no present back pain complaint to any doctor or during any one of three periods of hospitalization for surgery and treatment to his arm. The record shows that on May 28, 1981, he had acute pain in his lower back stemming from a shower incident one week earlier. The Commission's finding that Mr. Clare's low back complaints were not related to the accident of April 1, 1978 was expressly predicated upon the evidence of "little or no record of complaint with the claimant's low back for a period of over three years after the incident." The evidence amply supports this finding.

In addition to the evidence mentioned above, the employer-insurer adduced the testimony of Sandra Nixon, a vocational rehabilitation counselor. Over the objection of claimant's attorney, she was permitted to refresh her memory by referring to a report she had prepared of her March 21, 1980 interview with Mr. Clare. Based upon this reference, she testified that he made no complaint of any injury to his back. Claimant's attorney objected to her use of the report containing Mr. Clare's statements because it had not been furnished in response to a request made under § 287.215, RSMo. 1986. That statute provides:

> No statement in writing made or given by an injured employee, whether taken and transcribed by a stenographer, signed or unsigned by the injured employee, or any statement which is mechanically or electronically recorded, or taken in writing by another person, or otherwise preserved, shall be admissible in evidence, used or referred to in any manner at any hearing or action to recover benefits under this law unless a copy thereof is given or furnished the employee, or his dependents in case of death, or their attorney, within fifteen days after written request for it by the injured employee, his dependents in case of death, or by their attorney. The request shall be directed to the employer or its insurer by certified mail.

Assuming the statute, with its extremely broad language, is intended to preclude the use of an undisclosed statement for the purpose of refreshing a witness's memory (a virtually impossible feat if the witness merely reviews the statement before taking the witness stand) the admission of Miss Nixon's refreshed recollection does not warrant reversal. It is a long established rule in Missouri that, while incompetent evidence will not support an award in a worker's compensation case, its admission does not justify setting aside an award where there is substantial competent evidence to support it. *Wills v. Berberich's Delivery Co.*, 339 Mo. 856, 860, 98 S.W.2d 569, 571 (Mo.1936); *Ford v. Bi–State Development Agency*, 677 S.W.2d 899, 903 (Mo.App.1984); *Tillman v. Wedge Mobil Serv. Station*, 565 S.W.2d 653, 657 (Mo. App.1978). Miss Nixon's testimony was merely cumulative to the physicians' testimony, the doctors' reports and the hospital records which were competent and substantial evidence supporting the award of the Commission.

The award of the Labor and Industrial Relations Commission is affirmed.

SATZ, C.J., and SIMEONE, Senior Judge, concur.